JAMES S. PHILLIPS *v.* WILLIAM H. TREZEVANT.

The Supreme Court has no power to compel by process of attachment, a defendant to pay a judgment against him for costs recovered by a plaintiff in this Court.

(*Brown* v. *Long*, 2 Dev. 8 Bat. Eq. 138, cited and approved.)

MOTION, at this Term, after notice, for an attachment against the defendant in the above entitled cause, to compel him to pay the costs adjudged against him in this Court, at June Term, 1872.

The plaintiff in the motion, states on oath, that the defendant is fully able to pay off and discharge the judgment; that he has command of large sums of money, but has declared that none of it shall be applied in discharge of the recovery of the plaintiff; and that he has converted all his tangible property into money, or secretly and fraudulently disposed of it, to the end that he may defy the process of the Court and deprive the plaintiff of his recoveries, &c.

After argument, the motion was refused.

*H. W. Guion*, for the motion.

The Statute of contempts, acts of 1868-'79, sec. 4, page 426, not altered by act of 1870-'71, p. 337, C. C. P. seems to take it for granted that is a contempt and attachable, sec. 257 and 261, sub sec 1, 264 and 274.   Bacon's Abr. Attachment, and the many American cases cited.   *State* v. *Palin*, 63 N. C. Rep. 473.

*Wilson & Son* and *Jones & Johnson*, contra.

RODMAN, J.   This is a motion on the part of plaintiff, for an attachment against the defendant, in order to compel him, to apply money, of which it is said he is posessed, to the payment of two judgments for costs, which plaintiff recovered against him in this Court.

We are of opinion that no power has been given to this Court, to issue an attachment in such a case.

It is conceded, that the provisions of the C. C. P. respecting supplemental proceedings, (sec. 264 to 274,) are not applicable to this Court; but we are moved nevertheless, to proceed to subject to execution the intangible property of the defendant, substantially as a Superior Court would do, under such proceedings. That no such power is given to this Court, when it is expressly given to the Superior Courts, is an argument that it was not intended that this Court should have or use such powers. We think the omission to give such powers was wise, for they could not be used without inconvenience, and the risk of injustice and oppression to the debtor.

The argument of the plaintiff is, that where there is a right: there is a remedy, and as in this case, the money of the defendant cannot be reached by the ordinary writs of execution, and it is liable to execution, this Court will give the plaintiff a remedy although none is expressly provided by statute, rule of Court, or usage. This principle is illustrated by *Brown* v. *Long*, 2 D. & B. Eq. 138, where a debtor who had been discharged as an insolvent, and whose person was thereby protected from arrest, afterwards acquired choses in action, and it was held that they could be subjected to the satisfaction of a judgment creditor, by process of attachment in equity, thus anticipating the provisions of C. C. P. for supplemental proceedings. But in this case, the principle does not apply, for the plaintiff has a remedy, which the law deems adequate.

Only two cases occur to us, in which a judgment of this Court can be unsecured by an undertaking on appeal.

1. Where an appellant recovers, whether a debt and costs, or costs only, against an appellee.

2. Where a party against whom judgment is given below does not give such an undertaking as suspends execution, and the judgment is afterwards modified in this Court.

In all of these cases, except where the judgment is against an appellee for the costs of this Court, we are of opinion that

12

this Court has the power to direct the Superior Court, to enter there such judgment as it ought to have given, notwithstanding this Court has entered such judgment here. No inconvenience that now occurs to us, is likely to arise from such a course, for the process of both Courts will be always under their control. Upon the judgment so entered in the Superior Court, the plaintiff can take his supplemental proceedings.

In the case of a judgment against an appellee for the costs of this Court, it may be doubtful, whether the Superior Court could be required to enter a similar judgment there, for it never could or ought to have been a judgment of that Court. But in such a case, the plaintiff may bring an action upon his judgment in the proper Court, and on obtaining judgment there, have the benefit of supplemental proceedings.

Per Curiam.                          Motion refused.